FILED
CLERK

2/28/2023 1:27 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SHARON EGAN,

                Plaintiff,

       -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

21-CV-5232 (GRB)

**GARY R. BROWN, United States District Judge**:

    Plaintiff, a former teacher's assistant and administrative assistant, challenges final determinations by the Commissioner of the Social Security Administration that she was ineligible to receive Social Security disability insurance benefits, in an appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq*. (the "Act"). *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. *See* DE 21 and 22.

    The plaintiff, at age 45, had an accident in February 2018, following a fall on ice resulting in her striking her head. Tr. 273-75.[1] She suffered, at least for a time, from headaches, dizziness, balance, cognitive and visual issues. *Id*. at 301. Medical records suggest overall improvement over time, including responsiveness to various treatments. *Id*. at 377, 478, 492, 505, 519, 532, 547, 565, 590, 593, 620, 633, 676, 689, 702, 719, 736, 749, 761, 776, 799, 830-

---

[1] References to "Tr." are to the Transcript of the Administrative Record filed in this case.

1

31, 842, 881.  The plaintiff also reports suffering from asthma, hypertension, obesity and psychological impairments, which do not affect the analysis here.  *Id*. at 50.

Unquestionably, the plaintiff's impairments prevent her from performing certain kinds of work, including her past relevant work, a fact recognized by the ALJ.  *Id*. at 50-53.  Yet the ALJ examined the extensive record presented and determined that the plaintiff could perform certain light work – though not the full range -- including several positions that exist in substantial numbers in the national economy.  *Id*. at 53-54.[2]

In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and the weight accorded to medical sources.  These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 218 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

In considering the record as a whole, the ALJ's opinion is amply supported by substantial evidence.  *Zacharopoulos*, 516 F. Supp. 3d  at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'") (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)).  Thus, this Court must affirm the decision of the Commissioner.

---

[2] Unlike several cases examined by this Court, the alternative vocations considered here – router, sales attendant and furniture rental consultant  –  constitute occupations that are not obviously obsolete.  *Compare Wagner v. Comm'r of Soc. Sec.,* No. 21-CV-3627 (GRB), 2022 WL 3346430 at *1 (E.D.N.Y. 2022) (rejecting reliance on photo development counter clerk position); *Zacharopoulos,* 516 F. Supp. 3d at 221(condemning "unblinking acceptance" of conclusory vocational expert testimony regarding microfilm document preparer positions).

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
　　　February 28, 2023

　　　　　　　　　　　　　　　　　　　　　　/s/ Gary R. Brown
　　　　　　　　　　　　　　　　　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge